IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CALVIN ALLEN, BRICKHOUSE PRODUCTIONS, | ) ) ) | |
| Plaintiffs, | ) ) ) | No. 6:18-03100-CV-RK |
| v. | ) ) ) | |
| MARTIN, LEIGH & LAWS, PC, RICHARD L MARTIN, MARTIN LEIGH PC, STEVEN LEIGH, CITIMORTGAGE, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss"). (Doc. 42.) The Motion to Dismiss is fully briefed. (Docs. 44, 45, 46, 50).[1] After careful consideration and for the reasons below, Defendants' Motion to Dismiss (Doc. 42) is **GRANTED**, and this case is **DISMISSED with prejudice**.

### Background

Plaintiffs' Complaint alleges Defendants racially discriminated against Plaintiffs in the sale and conveyance of real property. (Doc. 41-1.) Plaintiffs' Complaint alleges the following causes of action:

(1) Count I: 42 U.S.C. § 1981 – Plaintiffs allege "breach of trustee sales contracts pursuant to 42 U.S.C. § 1981 . . . as a result of race discrimination and not transferring the trustee sale of real property and the deed of release in name of plaintiff." (Doc. 41-1, at 8.)

(2) Count II: 42 U.S.C. § 1982 – "Denial of purchase of real property pursuant to 42 U.S.C. § 1982 injured and denied plaintiffs of constitutional rights to purchase real

---

[1] Plaintiffs have filed two documents in opposition to Defendants' Motion to Dismiss. (Docs. 45, 46.) Although only one response is permitted, the Court will consider both responses in light of Plaintiffs' *pro se* status. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . [a]ll pleadings shall be so construed as to do substantial justice") (internal citations and quotations omitted)).

1

property . . . for gross and egregious discrimination . . . on August 2000 to present date . . ." (Doc. 41-1, ¶ 53.)

(3) <u>Count III: 42 U.S.C. § 1983</u> – "Deprivation of civil rights to own real property pursuant to 42 U.S.C. § 1983 deprivation of civil rights in violations of equal protection, deprivation, and enforcing real property rights . . . on August 2000 to present date." (Doc. 41-1, at 25.)

(4) <u>Count IV: 42 U.S.C. § 1983</u> – "Egregious discriminatory negligence and fraudulent misrepresentation, coupled with primary race discrimination . . . and deprivation of civil rights to own real property . . . subjected [Plaintiffs] to fraudulent misrepresentation . . . during and after the trustee and foreclosure sale on August 1, 2000." (Doc. 41-1, at 32-33.)

(5) <u>Count V: 28 U.S.C. § 2201</u> – "Request for declaratory judgment relief of the extreme breach trustee sale contract, default and penalty, declare and convey ownership and deed of release to real property." (Doc. 41-1, at 37.)

Plaintiffs' Complaint also alleges the following information. The property at issue in this action is titled "All of Lot Twenty-Eight (28) in SECOND INSIDE ADDITION to the City of Springfield, Greene County, Missouri" located at the physical address of 945 W. Brower Street, Springfield, Missouri, 65802 ("the Property"). The sale occurred on August 1, 2000. On this same day, Plaintiffs purchased the Property and submitted a check to Defendant Barry Laws and Defendant Martin, Leigh & Laws PC for the sale.[2] On October 31, 2000, Defendant Atlantic Mortgage received notice of the certified final funds which executed and satisfied the deed of release.[3] From December 21, 2000, to December 21, 2009, Plaintiffs continually contacted all Defendants by phone in an effort to obtain the deed of release to the Property.

Plaintiffs' Complaint also appears to allege claims for fraudulent misrepresentation, negligence, breach of contract, breach of fiduciary duty, and tortious interference against Defendants.

Plaintiffs allege the following damages beginning August 1, 2000, and continuing until present date stemming from the failure to transfer the Property and Defendants' discrimination:

---

[2] Defendant Barry Laws was dismissed from this action on January 28, 2019. (Doc. 72.)

[3] Defendant Atlantic Mortgage Corporation was dismissed from this action on January 28, 2019. (Doc. 72.)

(1) Count I: "[T]ortious breaches of contract(s) substantially damaged Plaintiff's real properties ownership, coupled with negligent and intentional inflictions of emotional distress to all Plaintiff's that further subjected secondary personal injuries that's continuing as a result of not transferring trustee sale of real property. . .[sic]". (Doc. 41-1, ¶ 48.)

(2) Count II: "Plaintiffs were further significantly and substantially damaged, harmed, subjection to loss of ownership, mental pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life . . .". (Doc. 41-1, ¶ 72.)

(3) Count III: "Calvin Allen and Brickhouse Productions contract(s) were significantly, financially damaged, and that Plaintiff and property (real properties) sustained additional significant financial damages . . . that subjected plaintiff to loss of real property name, coupled with loss of enjoyment of life for Plaintiff [sic]." (Doc. 41-1, ¶ 90.)

(4) Count IV: "[S]ubsequently subjected plaintiffs to lack of name ownership to property purports continuing torts . . .". (Doc. 41-1, ¶ 106.)

Finally, Plaintiffs request leave to amend their Complaint in their briefing of this Motion to Dismiss.

**Legal Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Osahar v. U.S. Postal Service*, 297 F.3d Appx. 863, 864 (8th Cir. 2008). "A Court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011). *See also Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) ("when it appears from the face of the complaint itself that the limitation period has run, a limitations defense may be properly asserted through a Rule 12(b)(6) motion to dismiss") (internal quotation marks and citation omitted)).

**Discussion**

Defendants argue dismissal is proper because all claims in the Complaint are barred by the statute of limitations. Plaintiffs argue: (1) the statute of limitations for Counts I – IV does not

3

begin to run until the discrimination and corresponding injuries to Plaintiffs end; (2) the continuing tort exception to the statute of limitations applies, (3) Plaintiffs are entitled to equitable tolling of the statute of limitations; and (4) Plaintiffs' claims arose in May 2013, thus the statute of limitations has not expired. Plaintiffs also request leave to amend their Complaint to allege a more definite statement concerning the continuing tort doctrine and amend their fraudulent misrepresentation allegation.

## I.  Statute of Limitations

Plaintiffs' Complaint alleges the sale of the Property occurred on August 1, 2000; the race discrimination began in 2000; and the race discrimination has continued to present date. *See* Doc. 41-1, ¶ 3 ("Plaintiffs . . . [were] discriminated against and continuing to present day by defendant's [sic] since the year of 2000.") *See also* Doc. 41-1, ¶¶ 3, 8, 28, 29, 53, 69, 85, 91. However, Plaintiffs claim the statute of limitations did not begin to run until May 2013, when Plaintiffs learned of the alleged racial discrimination in connection with the sale and conveyance of the Property.

The statute of limitations begins to run as soon as a plaintiff can file suit and obtain relief. *Myers v. Sander*, 2014 WL 409081, at *16-17 (E.D. Mo. Feb. 3, 2014); *Vogt v. State Farm Life Ins. Co.*, 2018 U.S. Dist. LEXIS 60847, at *20 (W.D. Mo. April 10, 2018) ("the statute of limitations begins to run when the evidence was such [as] to place a reasonably prudent person on notice of a potentially actionable injury") (internal quotation marks and citation omitted); *D'Arcy and Associates, Inc. v. K.P.M.G. Peat Marwick, L.L.P.*, 129 S.W.3d 25, 29 (Mo. App. 2004) (the statute of limitations begins to run when an event has occurred and provides a right at that time to bring suit). Under RSMo. § 516.100, "the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and that damage is capable of ascertainment."[4] "Damage is capable of ascertainment when it can be discovered or is made known, even if its extent remains unknown." *D'Arcy*, 129 S.W.3d at 29. It is of no consequence that the amount of damages are unknown or that further damages may occur; the statute of limitations will begin to run when some damage is sustained and is capable of ascertainment. *Id.*

---

[4] "Under the *Erie* Doctrine, statutes of limitations are determined by state law. *Guaranty Trust Co. v. York*, 326 U.S. 99, 108-09 (1945). *See also Quality Cleaning Prod. R.C., Inc. v. SCA Tissue N. Am., LLC*, 794 F.3d 200, 205 (1st Cir. 2015) (when a statute of limitations period begins to run is a matter of state law).

The Court finds that Plaintiffs' damages were sustained and ascertainable, at latest, on December 21, 2000, because Plaintiffs contacted Defendants about the alleged failure to transfer the Property on December 21, 2000. Therefore, the statute of limitations began to run on December 21, 2000. While Plaintiffs argue they were unaware of the discriminatory reason why the Property was not transferred until May 2013, this does not change the statute of limitations analysis. Further, any additional damages Plaintiffs incurred after December 21, 2000, do not restart the statute of limitations clock. *See D'Arcy*, 129 S.W.3d at 30 (because the plaintiff learned he sustained damages in 1992, the statute of limitations began to run in 1992 when the damage was ascertained and not when the precise amount was damages was discovered). All claims alleged by Plaintiffs stem from the sale of and alleged failure to transfer the Property. Accordingly, the statute of limitations for all claims began to run on December 21, 2000, when Plaintiffs contacted Defendants to inquire why the Property had not been transferred.

### A. Statute of Limitations Applicable to Plaintiffs' Claims

#### 1. Counts I-IV: 42 U.S.C. § 1981, 1982, 1983; Count V: 28 U.S.C. § 2201

Counts I-IV allege violations of 42 U.S.C. § 1981, 1982, and 1983. Sections § 1981-1983 do not prescribe a statute of limitations. If a statute does not prescribe a statute of limitations, the court must apply the forum state's most analogous cause of action's statute of limitations. *See Myers*, 2014 WL 409081, at *15 (E.D. Mo. Feb. 3, 2014) ("courts should always use the forum state's statute of limitations," and the most applicable state cause of action for claims arising under 42 U.S.C. § 1981-1983 is the Missouri statute governing personal injury claims); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985) (the most applicable state statute of limitations for civil rights violations under § 1983 is the state statute governing personal injury claims).

The most analogous Missouri state law cause of action to Counts I-IV is RSMo § 516.120 prescribing a five-year statute of limitations. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). This action was filed on March 23, 2018, and the five-year statute of limitation began to run on December 21, 2000. Therefore, Counts I-IV are barred by their five-year statute of limitations. Count V is also barred by the statute of limitations because Count V seeks declaratory judgment as to the substantive claims in Counts I-IV. *See International Ass'n of Machinists and Aerospace Workers v. Tennessee Valley Authority, et al*, 108 F.3d 658, 668 (6th Cir. 1997) ("A request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred.").

5

### 2. Fraudulent Misrepresentation

To the extent Plaintiffs are alleging a claim for fraudulent misrepresentation, Plaintiffs allege Defendants concealed and fraudulently misrepresented Defendant Atlantic Mortgage's merger. A suit alleging fraud is treated differently for statute of limitations purposes when compared with the other causes of action Plaintiffs allege. A suit alleging fraudulent misrepresentation can be brought, at most, fifteen years after the fraud occurs because the five-year statute of limitations for fraud begins to run ten years after the fraud occurs, whether the fraud has been discovered or not. *Ellison v. Fry*, 437 S.W.3d 762, 769 (Mo. banc 2014). "[A]ll fraud claims must be brought within five years from when the cause of action accrues, which is either when the fraud is discovered or at the end of 10 years after the fraud takes place, whichever occurs first." *Id. See also* RSMo. § 516.120(5).

Here, Defendant Atlantic Mortgage merged into a new company on April 26, 2000, but Plaintiffs did not learn of the merger until April 2018. (Doc. 42-1.) Irrespective of whether the merger and any corresponding conversations were fraudulently misrepresented or when Plaintiff learned of the merger, this fraudulent misrepresentation action is barred by the statute of limitations because the merger occurred over fifteen years ago.

### 3. Negligence, Breach of Contract, Breach of Fiduciary Duty, and Tortious Interference

To the extent Plaintiffs are alleging claims for negligence, breach of contract, breach of fiduciary duty, or tortious interference, these claims would stem from the sale of the property in 2000. Each of these claims has a five-year statute of limitations. RSMo. §§ 516.120, 516.120(1), 516.120(4). Because this suit was filed in March 2018, these claims are barred by their respective statute of limitations.

## II. Exceptions to the Statute of Limitations

The Court finds that Plaintiffs' claims are barred by their respective statutes of limitation unless an exception to the statute of limitations applies. Plaintiffs argue the continuing tort exception and equitable tolling doctrine are exceptions to the statutes of limitations.

### A. Continuing Tort Exception

First, Plaintiffs argue the continuing tort exception applies because the wrongs asserted against Plaintiffs are continuous and ongoing. The continuing tort exception tolls the statute of limitations when the wrong is continuing or repeating. *D'Arcy*, 129 S.W.3d at 30. However, "[d]amages resulting from one completed, wrongful act, although they may continue to develop,

are not adequate." *Id.* The continuing tort exception does not apply if all damages, past, present, and future, can be estimated and recovered in one action. *Korgel v. U.S.*, 619 F.2d 16, 18 (8th Cir. 1980). Finally, a mere failure to correct a wrong is not a continuing tort and does not toll the statute of limitations. *Fitzgerald v. Seamans*, 553 F.2d 220, 230 (D.C. Cir. 1977).

Plaintiffs cite *Davis v. LaClede Gas Co.* in support of their position. 603 S.W.2d 554 (Mo. banc 1980). However, *Davis* is distinguishable because the harm in *Davis* involved the placement of a vent that emitted harmful fumes that damaged the plaintiff's retail products each day. *Id* at 556. The failure to remove the vent resulted in new damage to the products each day as a result of their exposure to the vent; therefore, the continuing tort exception applied. *Id.*

Here, unlike in *Davis*, Plaintiffs' damages stem from Defendants' alleged failure to convey the Property. While Plaintiffs argue their damages have continued to develop over time, all past and continuing damages are attributable to one alleged wrongful act, the failure to transfer the Property. Further, the damages alleged, while continuing, are not new damages that occur each day. Finally, all damages can be estimated and recovered in one action. Therefore, the alleged failure to transfer property is not a continuing tort, and the continuing tort exception to the statute of limitations does not apply.

### B. Equitable Tolling

Last, Plaintiffs argue the statute of limitations should be tolled because Defendants fraudulently concealed their relationship with Defendant Atlantic Mortgage and its merger. "[E]quitable tolling is an exception to the rule, and should therefore be used only in exceptional circumstances." *Motley v. United States*, 295 F.3d 820, 824 (8th Cir. 2002) (quotation marks and citation omitted). "Courts generally require strict compliance with a statute of limitations and rarely invoke doctrines such as equitable tolling to alleviate a plaintiff from a loss of his right to assert a claim . . . the remedy of equitable tolling traditionally is reserved for circumstances truly beyond the control of the plaintiff." *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006) (internal quotation marks and citation omitted). The party seeking to invoke equitable tolling bears the burden to establish the following elements: "(1) that he has been pursuing its rights diligently, and (2) some extraordinary circumstance has stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (citation omitted).

Plaintiffs have not satisfied their burden. First, Plaintiffs did not pursue their rights diligently because they did not file this suit until March 2018, over seventeen years after the alleged

harm occurred. Second, Plaintiffs have not shown an extraordinary circumstance existed that stood in their way. While Plaintiffs point to Defendants' alleged fraudulent concealment and misrepresentation as to Defendant Atlantic Mortgage's merger as the extraordinary circumstance, Plaintiffs do not provide any factual support as to how Defendants' alleged fraudulent concealment impacted Plaintiffs' ability to file this suit timely. Accordingly, Plaintiffs are unable to satisfy the elements to apply equitable tolling.

## Conclusion

After careful consideration, the Court finds Plaintiff's Complaint establishes that the claims therein are barred by the statute of limitations, and no exceptions to the statute of limitations exist. *See Illig*, 652 F.3d at 976 ("[a] Court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred"). Additionally, Plaintiffs' request to amend the Complaint is **DENIED**. *See* Doc. 73.

Accordingly, Defendants' Motion to Dismiss (Doc. 42) is **GRANTED**, and this case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 6, 2019